IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05cr372

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ) | |
| BRYANT LAMONT PLANTER ) | |
| ) | |

**THIS MATTER** is before the Court upon motion of the defendant for a reduction of sentence based on retroactive amendments to the United States Sentencing Guidelines relating to crack cocaine offenses (Doc. No. 63).[1] The government has not opposed the motion.

The defendant pled guilty to possessing marijuana and at least 5 grams of cocaine base with intent to distribute (Count One) and to possessing a firearm as a convicted felon. (Doc. No. 35: Judgment at 1; Doc. No. 15: Plea Agreement at 1-2). The resulting offense level of 26 was increased by 2 for possessing a firearm during the drug offense and reduced by 3 for accepting responsibility. (Doc. No. 54: Presentence Report (PSR) at ¶¶ 15, 16, 29). Combined with a criminal history category of V, the resulting advisory guideline range was 100-125 months. (Doc. No. 36: Statement of Reasons (SOR) at 1). The Court sentenced the defendant to 100 months' imprisonment, the low end of the range.[2] (Doc. No. 35: Judgment at 2).

The defendant moves to reduce his sentence based on retroactive amendments to the guidelines relating to crack cocaine offenses. (Doc. No. 63). As amended, USSG §1B1.10(b)(1)

---

[1] The defendant filed two pro se motions to reduce his sentence. (Doc. Nos. 57, 58).

[2] The Fourth Circuit affirmed the sentence on appeal. (Doc. No. 55: Opinion).

directs courts to determine the guideline range as if the amendments had been in place at the time of sentencing. The amended offense level for the drug quantity at issue is 24. USSG Supp. to Appx. C., Amend. 706 (2007). The addition of 2 levels for offense characteristics and the subtraction of 3 levels for acceptance of responsibility, results in a total offense level of 23. The amended guideline range, given a criminal history category of V, is 84-105 months. The defendant seeks an 84-month sentence, the low end of the amended range. (Doc. No. 63: Motion at 4).

Consistent with 18 U.S.C. § 3582(c)(2), the Court has considered the factors set forth in 18 U.S.C. § 3553(a), as well as the defendant's post-sentence conduct and the public's safety. Based on these factors, the Court finds that a reduction of the defendant's sentence would accomplish the goals of sentencing.

**IT IS, THEREFORE, ORDERED** that the defendant's motion is **GRANTED** and the defendant's sentence on Counts One and Three is reduced to 84 months' imprisonment on each count to be served concurrently.

**IT IS FURTHER ORDERED** that, that upon release from imprisonment, and absent a residential plan accepted by the U.S. Probation Officer prior to release from incarceration, as a condition of supervised release the defendant shall submit to the local Residential Reentry Center for a period not to exceed 90 days, with work release, at the direction of the U.S. Probation Officer. All other terms and conditions previously imposed remain unchanged.

The Clerk is directed to certify copies of this Order to the defendant, counsel for the defendant, the Community Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: October 28, 2011

Robert J. Conrad, Jr.
Chief United States District Judge